IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Humberto Sanchez and Rey Sanchez, on behalf of themselves and all other similarly situated persons, known and unknown, Plaintiffs,<br>v.<br>Legacy Interior & Exterior Decorating, Inc., and Egidio Imbrogno, Defendants. | Case No. |

## **COMPLAINT**

NOW COME Humberto Sanchez and Rey Sanchez, on behalf of themselves and all other similarly situated persons, known and unknown (collectively, "Plaintiffs"), through counsel and for their Complaint against Legacy Interior & Exterior Decorating, Inc., (hereafter, "Legacy Decorating") and Egidio Imbrogno, individually, (collectively, "Defendants"), and state:

## **INTRODUCTION**

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. ("IMWL"), for Defendants' failure to pay Plaintiffs and other similarly situated employees overtime wages for hours worked in excess of forty (40) hours in a workweek.

2. Defendants' unlawful compensation practices have denied Plaintiffs and other similarly situated persons their earned and living wages.

3. Plaintiffs bring Count I of this Complaint as a Collective Action under the FLSA, 29 U.S.C. § 216(b). Plaintiffs' FLSA collective action consent forms are attached hereto as Exhibit A.

## **JURISDICTION AND VENUE**

4. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331, Federal Question, arising under 29 U.S.C. § 216(b). Supplemental jurisdiction over Plaintiffs'

Illinois statutory claims are invoked pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiffs' claims within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b), because upon information and belief, Defendants reside in this judicial district and the events giving rise to Plaintiffs' claims occurred within this judicial district.

## THE PARTIES

### Plaintiffs

6. Plaintiffs reside in Cook County, which is in this judicial district.

7. Plaintiffs were employed by Defendants in Kane County, Illinois, which is in this judicial district.

8. Plaintiffs worked for Defendants from March 2016 to June 14, 2017.

9. Throughout the course of their employment, Plaintiffs were involved in interstate commerce and were "employees" as defined by the FLSA, 29 U.S.C. §201 *et seq.*, and the IMWL, 820 ILCS 105/1 *et seq*.

### Defendants

10. Defendants operate a decorating business called Legacy Interior & Exterior Decorating, Inc. located at 847 S. Randall Road, # 305, Elgin, IL.

11. Defendant Legacy Decorating is an Illinois corporation doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

12. Based on information and belief, Defendant Legacy Interior & Exterior Decorating, Inc. has annual gross sales of $500,000.00 or more.

13. Defendant Legacy Interior & Exterior Decorating, Inc. has had two (2) or more employees involved in interstate commerce.

14. Defendant Legacy Interior & Exterior Decorating, Inc. was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

15. Defendant Egidio Imbrogno is the President of Legacy Interior & Exterior Decorating, Inc. and is involved in the day-to-day business operations of the corporation and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

16. Defendant Egidio Imbrogno was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS § 105/3.

17. Upon information and belief, Defendant Egidio Imbrogno resides and is domiciled in this judicial district.

## FACTS

18. Plaintiffs worked for Defendants installing drywall.

19. Plaintiffs regularly worked, at the direction of Defendants, in excess of 60 hours in a workweek.

20. Plaintiffs had a 30 minute break.

21. Plaintiffs were paid weekly.

22. Plaintiffs were paid $30.00 per hour

23. Plaintiffs were paid by checks.

24. Plaintiffs were paid via one check for all their hours worked in a workweek up to 40 hours. Plaintiffs were paid via a second check for all their overtime hours worked in a workweek at their regular hourly rate.

25. Plaintiffs were paid for all hours worked, including overtime hours worked in excess of 40 hours in a workweek, at their regular hourly rate.

26. Plaintiffs regularly worked over 40 hours per week or more as directed by Defendants, but were not paid proper overtime wages for time worked in excess of 40 hours.

27. Plaintiffs were not paid time and a half their regular hourly rate for all hours worked in excess of 40 hours in a workweek.

28. Plaintiffs were not exempt from the overtime provisions of the FLSA or the IWML.

29. Defendants denied Plaintiffs and other similarly situated employees their earned wages.

## COUNT I: VIOLATION OF THE FLSA
### Overtime Wages

30. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

31. Plaintiffs and the members of the class were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

32. Defendants did not compensate Plaintiffs or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

33. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

34. Plaintiffs and other similarly situated employees are entitled to recover unpaid overtime wages for up to three years prior to the filing of this lawsuit because Defendant's failure to

pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

WHEREFORE, Plaintiffs and the class respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA.

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs and other similarly situated employees in excess of forty (40) hours in individual work weeks;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT II: VIOLATION OF THE IMWL
### Overtime Wages

35. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

36. This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

37. Defendants directed Plaintiffs to work, and Plaintiffs did work in excess of forty (40) hours in individual work weeks.

38. Other similarly situated employees were likewise directed to work, and did work, in excess of forty (40) hours in individual work weeks.

39. Plaintiffs and other similarly situated employees were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

40. Defendants did not pay Plaintiffs, and other similarly situated employees, overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

41. Defendants violated the IMWL by failing to pay Plaintiffs, and other similarly situated employees, overtime wages for all hours worked in individual work weeks.

42. Pursuant to 820 ILCS 105/12(a), Plaintiffs and other similarly situated employees are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiffs as provided by the IMWL;

B. Award Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.


Respectfully submitted,


Dated: June 28, 2017

**/s/ Raisa Alicea**
Raisa Alicea
Consumer Law Group, LLC
6232 N. Pulaski, Suite 200

Chicago, IL 60646
Office: 312-800-1017
ralicea@yourclg.com

*One of plaintiff's attorneys*