RECEIVED OCT 18 2017 JUDGE ROBERT W. GETTLEMAN UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUMBERTO SANCHEZ and REY SANCHEZ, on behalf of themselves and all other similarly situated persons, known and unknown,<br><br>Plaintiff<br><br>v.<br><br>LEGACY INTERIOR & EXTERIOR DECORATING, INC., and EGIDIO IMBROGNO,<br><br>Defendants. | Case No. 17 CV 04864<br><br>Honorable Robert W. Gettleman |

## ORDER APPROVING PARTIES' JOINT MOTION TO APPROVE SETTLEMENT

This matter coming to be heard on the parties' Joint Motion to Approve Settlement and the Court duly apprised of the circumstances, the Court makes the following findings and enters the following order:

*FINDINGS*:

1. On June 29, 2017, Humberto Sanchez and Rey Sanchez, on behalf of themselves and others similarly situated, filed a complaint against the Defendants in which they alleged that the Defendants deprived them of overtime compensation in violation of the Fair Labor Standards Act (FLSA) and the Illinois Minimum Wage Law (IWML).

2. The Complaint contained one count under the FLSA and a second count under the IMWL, and alleged that Defendants failed to pay them overtime wages for hours worked in excess of forty (40) hours per work week. Plaintiffs sought relief on behalf of themselves and others similarly situated to them.

3. On September 18, 2017, the Defendants answered the complaint. (Dkt. 17). Defendants denied all material allegations of Plaintiffs' Complaint.

300507822v1 1001053

4. Thereafter, Counsel for the parties discussed Legacy's compensation system and generally accepted industry standards on productivity of experienced dry wall hangers. These conversations led to settlement discussions between named parties only.

5. The parties engaged in arms' length negotiations in efforts to resolve the claims of the Named Plaintiffs. They reached a successful resolution of Plaintiffs' claims and now seek this Court's approval of this Agreement. The parties have asked the Court to consider the financial terms of their Agreement *in camera.*

6. Plaintiffs have not brought a motion for class certification under Federal Rules of Civil Procedure 23 and does not intend to do so. Likewise, Plaintiffs have not sought conditional certification under §16 of the FLSA and do not intend to do so. The resolution of Plaintiffs' claims does not impair or prejudice the rights of others.

7. Approval of the parties' Agreement will resolve all issues between the named parties and lead to the entry of a dismissal of Plaintiffs' Complaint.

8. This Court has had the opportunity to review the Agreement submitted *in camera* and is now prepared to rule as follows:

IT IS SO ORDERED THAT:

    A. The parties' Agreement was made a product of good-faith negotiations between experienced employment counsel.

    B. There is no prejudice to any other individual by the entry of this Order.

    C. The parties' Agreement resolves all issues of wages, liquidated damages, attorneys' fees, costs and any other dispute between these parties.

    D. The parties' Agreement resolves this case without either side incurring any additional expense or investing any further resources into it.

E.   The parties dispute whether Plaintiffs worked any hours for which they were not paid. The amount of the consideration found in the Agreement recognizes that if this case continued, that Plaintiffss recovery may be nothing or less than the amount of the settlement.

F.   The Court finds that the parties' Agreement is a fair and reasonable resolution of a disputed claim brought under the FLSA and IMWL.

G.   The parties shall have thirty (30) days following the entry of this order to complete and satisfy their obligations under the Agreement. Unless either side brings a motion to address a compliance issue on the Agreement, this case will be dismissed with prejudice 30 days from the entry of the Order.

_____
Judge Gettleman
Date: October 19, 2017

300507822v1 1001053

2017 OCT 19 PM 2:35
CLERK
U.S. DISTRICT COURT